No. 13544

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

_____

ELLEN J. RICKL,

Plaintiff and Respondent,

-vs-

BRAND S. LUMBER COMPANY,
a corporation,

Defendant and Appellant:

_____

Appeal from: District Court of the Tenth Judicial District,
Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

For Appellant:

Robert L. Kelleher argued, B illings, Montana

For Respondent:

Leonard H. McKinney argued, Lewistown, Montana

_____

Submitted: January 21, 1977

Decided: FEB 16 1977

Filed: FEB 16 1977

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an award of damages by the district court, Fergus County, sitting without a jury. Plaintiff Ellen J. Rickl owned a piece of land adjacent to land on which defendant Brand S. Lumber Company had secured consent to cut timber. The lumber company admitted by stipulation that it had gone upon the real property belonging to plaintiff and cut 208,000 board feet of timber.

The sole issue at trial and on appeal is the measure and amount of damages.

The district court found these facts:

1) Plaintiff did not enter into any contract to sell timber and did not want the timber disturbed.

2) The trespass was not willful nor malicious but there was indication of lack of due care.

3) The land was damaged as a result of the logging.

4) The fair value of the timber taken was $25 per thousand board feet stumpage or $75 per thousand board feet at the mill.

The court's conclusions of law held:

1) Plaintiff suffered loss of the timber removed and detriment to the real property not easily translatable to money damages.

2) A damage award based on stumpage value would give defendant the benefit of its own wrong.

3) Plaintiff should recover damages in the amount of $75 per thousand board feet, together with costs.

In the district court plaintiff argued section 17-503, R.C.M. 1947, which grants treble damages for injury to trees where

the trespass was other than casual or involuntary was the applicable statute. The district court granted damages based on actual detriment only and not treble damages. Plaintiff abandoned argument that section 17-503, R.C.M. 1947, was the proper statute during oral argument to this Court.

The lumber company cited texts and cases from other states holding that the general measure of damages is the value at the time of conversion. Section 17-404, R.C.M. states:

> "The detriment caused by the wrongful conversion of personal property is presumed to be:
>
> 1. The value of the property at the time of its conversion, with the interest from that time; or where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and,
>
> 2. A fair compensation for the time and money properly expended in pursuit of the property."

The highest value of the lumber in the hands of the party that converted it is the market value at the mill. It is clear the district court felt that stumpage value alone would give the lumber company the benefit of its own wrong and encourage trespass and conversion, especially where there is better timber on adjoining land where the owner will not sell. Since the district court did not grant interest it is obvious that highest value was used.

We find no error. The judgment of the district court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.